UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

SANTIAGO GONZALEZ,                                                   Docket No.:

                              *Plaintiff,*

                                                       **COMPLAINT**

   - against -

UNITED STATES,

                            *Defendant.*

-----------------------------------------------------------------------x

      Plaintiff, SANTIAGO GONZALEZ, by his attorneys, KERNER & KERNER, P.C.,
complaining of the defendant, UNITED STATES, upon information and belief, respectfully sets
forth and alleges:

### SUBJECT MATTER JURISDICTION AND VENUE

      1.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§
1346(b) and 1367(a) and the Federal Tort Claims Act (28 U.S.C. § 2401[b] *et seq.*, 28 U.S.C.
§2671 *et seq.* and 28 U.S.C. § 1346[b][1]) in that the within action seeks compensation for
personal injuries that were caused, in whole or in part, by the negligent and/or wrongful acts
and/or omissions of officers, agents, servants and/or employees of the UNITED STATES while
acting within the course, scope and in furtherance of their offices and employment, under
circumstances where the UNITED STATES, if a private person, would be liable to the plaintiff,
in accordance with the laws of the State of New York.

      2.     Venue is properly situated pursuant to 28 U.S.C. § 1391(e), in that all, or
a substantial part, of the acts and omissions alleged herein occurred within the Southern District
of the State of New York.

3.      That at all times hereinafter mentioned, the United States Postal Service (hereinafter "USPS") was and still is an instrumentality, administration, bureau, department and/or agency of the defendant, UNITED STATES.

## FEDERAL TORT CLAIMS ACT ("FTCA") ADMINISTRATIVE PROCEDURE

4.      That heretofore and prior to the commencement of this action and on or about the 31st day of May, 2018, a Claim for Damage and/or Injury was duly served upon the USPS for damages sustained by the plaintiff herein arising out of the negligence of the USPS, by its officers, agents, servants and/or employees, which sets forth:

a.      The name and post office address of the claimants and of their attorneys;

b.      The nature of the claim;

c.      The time when, the place where and the manner in which the claim arose, and

d.      The items of damage or injuries claimed to have been sustained by said claimant, so far as then practicable.

5.      That said Claim was so served on USPS within 2 years after this cause of action accrued and upon which this cause of action is based; and that at least 6 months have elapsed since such claim was presented for adjustment and that such adjustment has been neglected, denied and/or refused to be made for 6 months after such presentment.

6.      That the plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

7.      That at all times hereinafter mentioned, plaintiff was and still is a resident of the City, County and State of New York.

2

8.    That at all times hereinafter mentioned, defendant, UNITED STATES, by its agents, servants, representatives and/or employees, operated certain premises known as and by the street number 90 Vermilyea Avenue, New York, New York 10034 (hereinafter "the premises").

9.    That at all times hereinafter mentioned, defendant, UNITED STATES, as aforesaid, maintained the premises.

10.    That at all times hereinafter mentioned, defendant, UNITED STATES, as aforesaid, controlled the premises.

11.    That at all times hereinafter mentioned, defendant, UNITED STATES, as aforesaid, managed the premises.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, SANTIAGO GONZALEZ

12.    That at all times hereinafter mentioned, there was and still is erected upon the premises a building and/or retail post office facility, for use by individuals, patrons, occupants and/or business invitees, of which class the plaintiff, SANTIAGO GONZALEZ, was and still is a member.

13.    That at all times hereinafter mentioned, the plaintiff, SANTIAGO GONZALEZ, was a business invitee upon the premises.

14.    That at all times hereinafter mentioned, the defendant, UNITED STATES, by its servants, agents, representatives and/or employees, so negligently, carelessly and recklessly operated, managed, maintained and/or controlled the premises so as to cause and/or permit a slippery, slick and/or hazardous condition to exist upon the premises, and/or its appurtenances thereof, and allowed such condition to be, become and/or remain in a defective and/or hazardous condition, all of which was dangerous to the life or limb of persons utilizing the said post office facilities, and of which the defendant, as aforesaid, had or should have had notice or knowledge.

3

15.    That on or about the 25th day of May, 2017, while the plaintiff, SANTIAGO GONZALEZ, was lawfully upon the premises, plaintiff was caused to slip, fall and be precipitated to the floor thereof, thereby sustaining serious and severe personal injuries, as a result thereof, all without any negligence on plaintiff's part contributing thereto, but solely and wholly as a result of the negligence of the defendant, as aforesaid.

16.    That the negligence of the defendant, UNITED STATES, by its servants, agents, representatives and/or employees, consisted of the following: in allowing patrons, guests and/or business invitees thereof, and in particular, the plaintiff, SANTIAGO GONZALEZ, to thereon slip and fall while traversing upon and within the premises, portions of which wet, slick, icy and/or slippery; in failing to keep and/or maintain the said premises in a uniform, clean, dry and safe condition; all of which the defendant, as aforesaid, knew or should have known; in failing to properly control, regulate, supervise and otherwise to warn people traversing thereon, including the plaintiff, SANTIAGO GONZALEZ, of the said dangers and hazards within and upon the premises; in failing to properly and adequately maintain the premises; in failing to establish and/or adhere to proper rules and regulations under the circumstances so as to warn patrons upon the premises of the dangers existing thereon and to prevent accidents befalling said patrons, guests and/or business invitees while upon the subject premises; in failing to give any instruction, notice or warning to said individuals, of which class the said plaintiff was a member, of the perils, hazards and dangers involved therein; in failing to provide adequate safeguards, signage, railings, treads, mats, safety devices, non-skid devices and/or supervision with respect to the subject premises; in failing to prevent and/or avoid the within occurrence; in failing to exercise the degree of care which a reasonably prudent person would exercise under like circumstances; failing to provide adequate lighting; in creating and/or maintaining a dim and/or glary condition for persons within the premises, in that defendant, as aforesaid, caused and/or

4

created a dangerous, hazardous and/or perilous condition; in that defendant, as aforesaid, acquiesced in the creation and/or maintenance of such dangerous, hazardous and/or perilous conditions at the premises; all of which the defendant, by its servants, agents and/or employees, knew or should have known; in allowing patrons at said premises, and in particular the plaintiff, SANTIAGO GONZALEZ, to fall and be precipitated while patronizing in such premises which was improperly, unsafely and hazardously maintained, organized, arranged and/or cared for and further was slippery, wet and perilous; in failing to keep said floor areas in a clean, clear and safe condition; failing to properly control, regulate, supervise and otherwise warn its said patrons, including said plaintiff, of the dangers and hazards in traversing the said premises and of the hazards therein; in failing to establish and/or adhere to proper rules and regulations under the circumstances so as to warn its said patrons and prevent accidents befalling said patrons while traversing in the subject premises; in failing to give any instruction, notice and/or warning to its said patrons, of which class the said plaintiff was a member; in failing and neglecting to regularly and/or adequately inspect the subject walking surfaces and/or floor areas with regard to the hazards and dangers involved thereon; in failing to provide adequate safeguards, assistance, trained personnel, warnings, safety devices and/or supervision with respect to the subject floor areas; in failing to prevent and/or avoid the occurrence of the accident herein; in violating the statutes, rules, regulations and cases in such instances made and provided; causing and/or creating an obstructed, wet, slippery, hazardous and/or dangerous floor condition in the premises; in allowing and/or permitting the subject slippery, wet, precarious, hazardous and/or dangerous floor condition to exist for an unreasonable period of time; in having knowledge and/or notice, actual and/or constructive, of the subject improper, dangerous, hazardous and perilous premises conditions, particularly with respect to defendant's patrons, of which class said plaintiff was a member; in that defendant, as aforesaid, failed and neglected to provide good, properly trained and/or knowledgeable employees, staff, management and/or personnel to

5

aid and assist defendant's patrons while shopping at the subject premises; in that defendant, as aforesaid, violated the applicable provisions of the applicable industry standards, policies, procedures and/or practices, in effect at the time of the occurrence and in that the defendant, as aforesaid, was otherwise careless, reckless and negligent in all of the circumstances.

17.     That at all times hereinafter mentioned, the plaintiff, SANTIAGO GONZALEZ, was free from contributory and/or comparative negligence herein.

18.     That solely as a result of the aforesaid occurrence, the plaintiff, SANTIAGO GONZALEZ, became, still is and for a long time to come, will be sick, sore, scarred, deformed and disabled,  and that plaintiff suffered and will continue to suffer severe and serious personal injuries, including, among other injuries, damage to his body and limbs, internal organs and nervous system, together with psychological injuries and the loss and/or diminution of the enjoyment of living, plus expenses and losses incurred and/or to be incurred, whereby the said plaintiff was confined to his home for a period of time subsequent to the subject incident and received medical and hospital care and attention, all to the damage of the plaintiff, by defendant, as aforesaid.

19.     That this action falls within one or more of the exceptions set forth in New York Civil Practice Law and Rules §1602.

20.     That by reason of the foregoing, the plaintiff, SANTIAGO GONZALEZ, has been damaged by the defendant, UNITED STATES, in the amount of One Million ($1,000,000) Dollars.

**AS AND FOR A SECOND CAUSE OF ACTION ON**
**BEHALF OF THE PLAINTIFF, SANTIAGO GONZALEZ**

21.  Plaintiff, SANTIAGO GONZALEZ, repeats and realleges each and every allegation hereinabove contained in the First Cause of Action hereof with the same force and effect as if more fully set forth at length below.

22.    That the injuries and damages sustained by the plaintiff, SANTIAGO GONZALEZ, as herein alleged, were caused solely by the creation, existence and maintenance by the defendant, by its agents, servants, representatives and/or employees, of a nuisance on, along and upon the said premises, all of which were hazardous and dangerous to the general public and particularly to patrons, guests and/or business invitees thereon, of which class the said plaintiff, SANTIAGO GONZALEZ was a member, all of which defendant knew or should have known in the exercise of reasonable care and diligence.

23.    That by reason of the foregoing, the plaintiff, SANTIAGO GONZALEZ, has been damaged by the defendant, UNITED STATES, in the amount of One Million ($1,000,000.00) Dollars.

**AS AND FOR A THIRD CAUSE OF ACTION ON**
**BEHALF OF THE PLAINTIFF, SANTIAGO GONZALEZ**

24.    Plaintiff, SANTIAGO GONZALEZ, repeats and realleges each and every allegation contained in the First and Second Causes of action hereof with the same force and effect as if more fully set forth at length below.

25.    That the defendant, by its servants, agents, representatives and/or employees, violated the pertinent provisions of the Labor Law and Industrial Code of the State of New York, together with the applicable rules and regulations promulgated thereunder, by failing to

provide the necessary good and proper walking surfaces, safeguards, warnings, notices and/or equipment which would have rendered the said premises safe.

26.     That as a result of the foregoing, plaintiff SANTIAGO GONZALEZ has been damaged by the defendant, UNITED STATES, in the amount of One Million ($1,000,000) Dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF SANTIAGO GONZALEZ

27.     Plaintiff, SANTIAGO GONZALEZ, repeats and realleges each and every allegation contained in the First, Second and Third Causes of Action hereof, with the same force and effect as if more fully set forth at length below.

28.     That the defendant, UNITED STATES, by its servants, agents, representatives and/or employees, violated the applicable provisions of the Federal Occupational Safety Health Act (OSHA), and of the rules and regulations promulgated thereunder; in that the defendant, as aforesaid, failed to adequately provide its patrons with a proper and safe premises and failed to properly and adequately provide walking surfaces, signs and markings and other safety and/or warning devices and instructions with regard to the subject retail premises; and in that the defendant, as aforesaid, caused, created and/or maintained a dangerous, unsafe, hazardous and improper condition with respect to its said patrons thereon, of which class plaintiff, SANTIAGO GONZALEZ, was a member.

29.     That by reason of the foregoing, plaintiff, SANTIAGO GONZALEZ, has been damaged by the defendant, UNITED STATES, in the amount of One Million ($1,000,000) Dollars.

WHEREFORE, the plaintiff, SANTIAGO GONZALEZ, demands judgment against the defendant, UNITED STATES, on all causes of action hereinabove set forth, in the amount of One Million ($1,000,000) Dollars, all together with the costs and disbursements of this action.

KERNER & KERNER, P.C.

By:s/_____
Kenneth T. Kerner (5736)
Attorneys for Plaintiffs
Office & P.O. Address
15 Maiden Lane, Ste. 1008
New York, New York 10038
(212) 964-1098
kkerner@kernerlaw.com

Index Number:          Year:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANTIAGO GONZALEZ,

        Plaintiff,

    -against-

UNITED STATES,

        Defendant.

---

SUMMONS AND COMPLAINT

---

**KERNER & KERNER, P.C.**
**Attorneys for Plaintiff**
**15 Maiden Lane, Ste. 1008**
**New York, New York 10038**
**Tel: (212) 964-1098**
**Fax: (212) 385-9072**
**Email: info@kernerlaw.com**

---

PLEASE TAKE NOTICE:

[ ]   NOTICE OF ENTRY
that the within is a true copy of an Order duly entered in the office of the clerk of the within named court on

.

[ ]   NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the General Clerk's
Office of the within named Court, at              , Rm.        ,         on      at    A.M on
said date.

          Yours, etc.,        .

          KERNER & KERNER
          Attorneys for the Plaintiff
          15 Maiden Lane, Ste. 1008
          New York, New York 10038

**COMPLIANCE PURSUANT TO 22 NYCRR SEC. 130-1.1-a**
To the best of my knowledge, information and belief formed after an inquiry reasonable under the
circumstances, the within document(s) and contentions contained herein are not frivolous as defined in 22
NYCRR SEC. 130-1.1-a.

*s/ Kenneth T. Kerner*____, Dated: March 27, 2019.
Kenneth T. Kerner